L. NORRIS ET AL. v. A. B. HUDSON ET ALS.

(Filed 27 September, 1916.)

**Mortgages—Sales—Fraud—Issues—Appeal and Error.**

> Where the sale of lands under the execution of a power in a mortgage is sought to be set aside upon allegation that it was fraudulent for the lack of a consideration for the mortgage, and in answer to responsive issues the jury has found that there was a valid consideration for the mortgage, it is not error that the court refused to submit an issue tendered by the plaintiff drawing a conclusion of fraud based entirely upon an affirmative finding of the issues submitted.

CIVIL ACTION tried before *Lyon, J.,* at April Term, 1916, of JOHNSTON.

This is an action to set aside a sale purporting to have been made under the power contained in a mortgage executed by the plaintiffs, Lucian Norris and his wife, Ava Ann Norris, to the defendant J. B. Hudson on 20 January, 1912, and the deed made pursuant thereto, and for an accounting.

On 13 April, 1911, the said plaintiffs executed a mortgage to the defendant Hudson, conveying several lots to secure $733, and on 20 January, 1912, another mortgage conveying the same land and another lot in which the plaintiff Ava Ann Norris had a life estate, to secure $707.

The plaintiffs allege, in substance, that the lot in which Ava Ann Norris had a life estate was included in the mortgage of 20 January, 1912, by fraud; that this mortgage was executed to procure a loan; that they received no money or other thing of value as a consideration for the execution of this mortgage; that nothing was due thereon, and that therefore the sale under it was fraudulent and void.

These allegations are denied by the defendants.

The plaintiffs tendered the following issue, which his Honor refused to submit, and the plaintiffs excepted:

"Was the mortgage deed of 20 January, 1912, retained through fraud and foreclosed by defendant A. B. Hudson, with intent to cheat and defraud the plaintiffs and in violation of the rights of plaintiffs?"

The jury rendered the following verdict:

1. In what amount was the plaintiff Lucian Norris indebted to A. B. Hudson 20 January, 1912?  Answer: "$557."

2. Was the one-fourth interest of Mrs. Ava Ann Norris in lot No. 1-J included in the mortgage dated 20 January, 1912, by the fraud of A. B. Hudson or the attorney, Ryals?  Answer: "No."

3. Did defendant Parrish purchase said property with notice of such fraud?  Answer: "No."

4. What was the value of the three lots owned by Lucian Norris and included in said mortgage on 28 August, 1912?  Answer: "$1,750."

5. What was the value of the one-fourth interest of Mrs. Norris in lot No. 1 on 28 August, 1912?  Answer: "$250."

6. Was said mortgage on 20 January, 1912, given to secure the indebtedness of Lucian Norris to Hudson on the prior mortgage, and $150 for goods purchased?  Answer: "No."

Judgment was entered upon the verdict, and the plaintiffs appealed, assigning as error the refusal to submit the issue above set out.

*E. F. Young and R. L. Godwin for plaintiffs.*
*W. S. O'B. Robinson for defendants.*

ALLEN, J.  The only specific allegations of fraud in the complaint are that the lot of the *feme* plaintiff was included in the mortgage by fraud, and that the mortgage was executed to secure a loan which was not made, and that it was therefore fraudulent to retain the mortgage and to attempt to execute the power of sale.

The allegations of fact are denied by the defendants, and the jury has found according to the contention of the defendants, and it would seem that the conclusion drawn by the plaintiffs as to the fraudulency of the sale would fall with the facts upon which it depends.

The plaintiff Lucian Norris testified that the mortgage of 20 January, 1912, was executed to pay up and settle the mortgage of 1911, and the jury has found that the lot of Mrs. Norris was not included in the mortgage of 1912 by fraud, and that the plaintiff Lucian Norris was then indebted to the defendant Hudson in the sum of $557.

This establishes a debt due by the plaintiffs to the defendant Hudson at the time of the sale under the mortgage, and there is neither allegation nor evidence of irregularity or fraud in making the sale.

If the complaint is read as a whole, it clearly appears that the fraud alleged as to the sale is a conclusion based entirely upon the other allegations, which have been negatived by the jury.

It follows, therefore, that there was no error in refusing to submit the issue to the jury.

No error.